BK

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2011 NOV 16   AM 10: 34

DEPUTY CLERK   NT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

### DALLAS DIVISION

ROBERT JOE REDMAN, JR.,

Plaintiff,

CASE NO: 3:11-CV-02428-G-BK

NCO FINANCIAL SYSTEMS, INC.,

Defendant,

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, Robert Joe Redman, Jr., files this Response to Defendants Motion to Dismiss. Plaintiff respectfully moves the Court to deny Defendant's Motion because the

Complaint states a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6).  In support of the Response, plaintiff attaches a Memorandum, as well as a proposed order in support

of Plaintiff's Response to Defendants Motion to Dismiss.

Respectfully Submitted,

Robert Redman

Robert Joe Redman Jr.

7235 Darsena

Grand Prairie, Texas 75050

rjredman@live.com

(817) 500-1171

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

# DALLAS DIVISION

ROBERT JOE REDMAN, JR.,

Plaintiff,

CASE NO: 3:11-CV-02428-G-BK

NCO FINANCIAL SYSTEMS, INC.

Defendant,

## MEMORANDUM IN SUPPORT OF PLAINTIFFS RESPONSE TO DEFENDANTS MOTION TO DISMISS

## STANDARD OF REVIEW

Defendant moves the Court to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendants 12(b)(6) motion is a facial attack challenging the sufficiency of the Plaintiffs'

allegations. As such, the Court must assume all facts as alleged in Plaintiffs' Complaint are true. *Davis v Monroe Cty. Bd. of Educ., 526 U.S. 629, 633 (1999).* Any inferences made or

doubts resolved by the Court should be to the Plaintiffs' benefit. *Collins v Morgan Stanley Dean Witter, 224 F. 3rd 496, 498 (5th Cir. 2000).* A motion to dismiss for failure to state a

claim "is viewed with disfavor and is rarely granted."  See *id.* At 498 (internal quotes and citations omitted.)

## **ARGUMENT**

In this case, the defendant (NCO) admits to repeatedly obtaining a credit report from the plaintiff for the "review or collection of an *account* of the consumer"  Section 1681b(a) of the

Fair Credit Reporting Act ("FCRA") authorizes the furnishing of credit reports for a limited number of purposes.  Section 1681(a)(3)(A) limits the furnishing of reports "in connection with a

credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an *account* of the consumer."

The defendant is under the erroneous assumption that this section gives a collection agency a permissible purpose to "review or collection of an *account* of the consumer"  Plaintiff has never

had an "*account*" as  defined in the ("FCRA") 15 U.S.C. section 1681a, and the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. section 1693a(2) with (NCO).  Under the ("FCRA")

section 1681a (Definitions; rules of construction), the account is defined as "The terms "*account*" and "electronic fund transfer" have the same meanings as in section 903 of the Electronic

Fund Transfer Act.  Section 903, or 1693a(2) of the Electronic Funds Transfer Act defines "*account*" as follows:  **"the term "account" means a demand deposit, savings deposit, or**

**other asset account**..."  Plaintiff has never had an "*account*" as defined with defendant (NCO), and there is no evidence to the contrary. Plaintiff has never applied for an "*account*" with

(NCO), nor has been presented with an offer of credit, and there is no evidence to the contrary. In addition, in *Pintos v Pacific Creditors Association, 504 F.3rd 792 (9th Cir 2007)*,

the Court held that a "credit transaction" requires "voluntary consumer participation," noting "[a] consumer who chooses to initiate a credit transaction implicitly consents to the release of his

or her credit report for related purposes." *504 F. 3rd at 799*. Thus, the act "forges a direct link" between the consumers search for credit and the protection sought by the Act. The two

critical elements are "voluntary" and "direct participation" In this case, the plaintiff did not "voluntarily" seek credit from (NCO). The plaintiff did not have a "direct participation" with (NCO)

in seeking credit, purchasing property, or other services. Additionally, (NCO) did not offer "credit" to plaintiff. In fact, (NCO) is not a creditor. Therefore, the multiple consumer credit

pulls was without plaintiffs permission and as such is impermissible as no "*account*" exists with (NCO) and there is no evidence of the contrary. The defendant has repeatedly violated the

Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. section 1692e by using false and deceptive representation in connection with the collection of an alleged debt that did not

exist between plaintiff and defendant for no such collection "*account*" exist, and there is no evidence to the contrary.

## CONCLUSION

The plaintiff has shown tht the Complaint does in fact state a claim based on repeated violations of the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. section 1681 et seq. and the

Fair Debt Collections Practices Act, ("FDCPA"), 15 U.S.C. section 1692e.  The defendant (NCO) violated these protective provisions by obtaining a credit report without a permissible purpose and by using false and deceptive representation in connection with the collection of the alleged debt.

Respectfully Submitted,

Robert Joe Redman, Jr.,

7235 Darsena

Grand Prairie, Texas 75050

(817) 500-1171

rjredman@live.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**DALLAS DIVISION**

ROBERT JOE REDMAN, JR.,

Plaintiff,

CASE NO: 3:11-CV-02428-G-BK

NCO FINANCIAL SYSTEMS, INC.,

Defendant,

**<u>ORDER TO DISMISS DEFENDANTS MOTION TO DISMISS</u>**

On this date, the Court considered the Response to Defendants Motion to Dismiss.  The Court is of the opinion that the referenced motion be  GRANTED.

IT IS THEREFORE ORDERED that this cause of action is GRANTED.

SIGNED this_____day of _____, 2011.

_____

PRESIDING JUDGE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

# DALLAS DIVISION

ROBERT JOE REDMAN, JR.,

Plaintiff,

CASE NO: 3:11-CV-02428-G-BK

NCO FINANCIAL SYSTEMS, INC.,

Defendant,

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2011, a true and correct copy of the foregoing was sent to the following via certified mail.

Jessica A. Hawkins

Sessions, Fishman, Nathan & Israel, LLC

900 Jackson Street Suite 440

Dallas, Texas 75202

Respectfully submitted,

*Robert Redman*

Robert Joe Redman, Jr.,

7235 Darsena

Grand Prairie, Texas 75050

rjredman@live.com

(817) 500-1171